IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **CHRIS UMBERGER,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**ANTHONY BELCHER,** )<br>**Warden, FCI Williamsburg,** )<br>)<br>**Respondent.** ) | **Civil Action No. 1:12-02869** |

**MEMORANDUM OPINION AND ORDER**

On July 10, 2012, Petitioner, acting *pro se* and incarcerated at FCI Williamsburg, filed a letter-form Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241.[1] (Document No. 10.) The Clerk of the Court mailed Petitioner a form Petition and an Application to Proceed Without Prepayment of Fees. (Document No. 3.) On July 25, 2012, Petitioner filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241, Application to Proceed Without Prepayment of Fees, and letter-form Motion to Expedite. (Document Nos. 4 - 6.)

Pursuant to 28 U.S.C. § 2241(a), a writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas* petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

513 (2006). The Court finds that Petitioner is incarcerated at FCI Williamsburg, which is located in Salters, South Carolina. Petitioner correctly names the Warden of FCI Williamsburg as the Respondent. This Court, however, does not have jurisdiction over Petitioner's warden, who is located in South Carolina. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the District of South Carolina. Accordingly, the Court finds that the transfer of this matter is in the interest of justice and therefore warranted. See 28 U.S.C. § 1631.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the District of South Carolina pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the District of South Carolina.

ENTER: July 26, 2012.

R. Clarke VanDervort
United States Magistrate Judge